IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–7–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ELLEN LORRAINE VAN AUSDOL, | |
| Defendant. | |

Before the Court is Defendant Ellen Lorraine Van Ausdol's Unopposed Motion for Early Termination of Supervised Release. (Doc. 43.) On April 12, 2019, Ms. Van Ausdol was adjudged guilty of one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of making and subscribing to a false income tax return, in violation of 26 U.S.C. § 7206(1). (Doc. 16.) On August 16, 2019, Ms. Van Ausdol was sentenced to imprisonment for a total of 9 months and a total of three years of supervised release. (Doc. 38.) Ms. Van Ausdol began her period of supervised release on June 17, 2020 and has since served more than 50% of her term, which is set to expire on June 16, 2023. (Doc. 43 at 1–2.) She now seeks termination of the remaining term of supervised release. The United States does not object to the motion. (*Id.* at 2.) United States Probation Officer Preston Tescher does not object to Ms. Van Ausdol's early termination. (*Id.*)

Under federal law, this Court may:

1

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,[1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Ms. Van Ausdol began her three-year term of supervised release on June 17, 2020 (Doc. 43 at 1–2), rendering her statutorily eligible for the premature termination of her remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Ms. Van Ausdol's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Ms. Van Ausdol waives it, or if the proposed modification is favorable to her and the United States does not object. The early termination of Ms. Van Ausdol's supervised release is obviously favorable to her, and the United States did not object. (Doc. 43.) Accordingly, the Court will dispose of this matter without a hearing.

sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Ms. Van Ausdol's remaining term of supervised release. Ms. Van Ausdol has fully paid the $186,452.99 she owed in restitution, and the Court has not been made aware of any violations of the conditions of her supervised release. (Doc. 43 at 4.) She is 80 years old, and she has no criminal history other than the conviction for which she is serving her term of supervised release. (*Id.* at 2, 4.) The motion demonstrates that Ms. Van Ausdol has been deterred from future criminal conduct and successfully reintegrated into the community. The Court concludes that the § 3553(a) factors support early termination of her term of supervised release. The Court wishes Ms. Van Ausdol the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 43) is GRANTED.

IT IS FURTHER ORDERED that Ms. Van Ausdol's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 30th day of March, 2022.

_____
Dana L. Christensen, District Judge
United States District Court